# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

JOSHUA J. BROWN

   Plaintiff,

v.

BALTIMORE COUNTY DETENTION CENTER, et al.

   Defendants.

Civil Action No.: JKB-21-1659

## MEMORANDUM OPINION

Plaintiff Joshua Brown filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 with a request for leave to proceed in forma pauperis. Brown's Motions to Proceed in Forma Pauperis (ECF Nos. 2, 6) will be granted based on the information provided.

### I. Background

In the Complaint, as originally filed, Brown alleges that he was attacked by two inmates at the BCDC on May 25, 2021. Officer Idowu, who was in the control room, was unable to open the doors to the unit immediately so that responding officers could come to Brown's assistance. Brown asserts this allowed the assault to continue until another officer arrived to open the door. Brown asserts his assailants stabbed him in the arm and stomped on his face. Brown received stitches on his forearm to close the stab wound, had two black eyes, a "busted & bloody" upper and lower lip, a bloody nose, and a swollen forehead and face. (Complaint, ECF No. 1 at 3.)

On July 8, 2021, the Court directed Brown to file an Amended Complaint by August 6, 2021, in order to state a viable claim. (ECF No. 3.) This was to provide Brown an opportunity to replace the original Complaint and name the individuals whom he holds legally responsible for his

injuries. The Court explained that in order to state a constitutional claim for failure to protect, a pretrial detainee must show a defendant acted with deliberate indifference to a known risk to the detainee's health and safety. Further, the Court explained that Defendant Baltimore County Detention Center is not subject to suit under 42 U.S.C. § 1983. (*Id.* at 2.)

On July 19, 2021, Brown filed an Amended Complaint which names Director Gail Watts, Officer Idowu, Sgt. Pibulsiri, and Deputy Director Renard Brooks as Defendants. (Amended Complaint, ECF 4.) Aside from naming Gail Watts, Pibulsiri, and Brooks as Defendants in the caption of the Amended Complaint, Brown makes no mention of these individuals or allegations as to how they were involved in the May 25, 2021, assault. Regarding Officer Idowu, the Amended Complaint alleges that:

> I Joshua Brown being attacked & called a Code 2 at which time all available correctional staff responded to the code on unit 3H to assist with the incident. But [sic] were unable to immediately assist with the incident because Officer Idowu was unable to open the sally port doors to the unit & required another officer to enter the control room & open the doors for him.

(*Id.* at 3.)

## II. Legal Standard

The in forma pauperis statute, 28 U.S.C. § 1915, permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires this Court to conduct an initial screening of the complaint and to dismiss any claim that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). Further, a prisoner's ability to file a complaint in federal court without first paying the filing fee will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28

U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

A complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief. *See* Fed. R. Civ. Proc. 8(a). Each allegation in a complaint should be "simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

This Court is mindful of its obligation to liberally construe pleadings from self-represented plaintiffs, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented"). The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted).

To do so, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pleaded complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint, to define the issues, and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

### III. Analysis

#### A. Personal Participation

Section 1983 requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Respondeat superior[1] is not a recognized theory of liability under § 1983 in the Fourth Circuit. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978)). In the Amended Complaint, however, Brown fails to allege facts to show Watts, Pibulsiri, or Brooks had any personal involvement in the incident. Rather, Brown seems to hold these individuals culpable based on principles of supervisory liability, and asserts that he is "ward of the state on pre-trail [sic] status and all officers and officials at BCDC are responsible for the safety and protection of all inmates." (Amended Complaint at 4.)

In order to state a supervisory capacity claim, a plaintiff must allege: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization; and (3) there was an affirmative causal link between the supervisor's inaction and the constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 798–99 (4th Cir. 1994). Without subjective knowledge, a prison official is not liable. *Farmer v. Brennan*, 511 U.S. 825, 846 (1994). Brown's broad, conclusory allegations are insufficient to state a supervisory liability claim against Watts, Pibulsiri, or Brooks, and the claims against these defendants will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) for failure to state a claim.

---

[1] Respondeat superior is a legal doctrine that provides an employer is liable in certain cases for the wrongful acts of his employee, and a principal for those of his agent. *See* Black's Law Dictionary (8th ed. 2004).

## B. Failure to Protect.

Section 1983 imposes civil liability on a person who, under color of state law, deprives any citizen of the United States or other person under the jurisdiction thereof of any right secured by the Constitution or laws of the United States. It "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). Liberally construing the Amended Complaint, the Court reads it to assert a failure to protect claim. A failure to protect claim raised by a pre-trial detainee is analyzed under Fourteenth Amendment and the two-part inquiry established in *Farmer*, 511 U.S. 825. *Brown v. Harris*, 240 F.3d 383, 388–90 (4th Cir. 2001) (applying *Farmer* to a pretrial detainee's failure to protect claim); *see also Perry v. Barnes*, Civ. No. PWG-16-705, 2019 WL 1040545, at *3 (D. Md. March 5, 2019) (same). First, "[f]or a claim based on a failure to prevent harm, a person must show that he is being detained or incarcerated 'under conditions posing a substantial risk of serious harm.'" *See Brown*, 240 F.3d at 389 (quoting *Farmer*, 511 U.S. at 834). Second, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind," which, in this context, "is one of deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks and citations omitted). This subjective inquiry requires evidence that the official had actual knowledge of an excessive risk to the prisoner's safety—"the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A plaintiff may "prove an official's actual knowledge of a substantial risk 'in the usual ways including inference from circumstantial evidence,'" and "'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the

5

risk was obvious.'" *Raynor v. Pugh*, 817 F.3d 123, 128 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 842).

Brown alleges no facts from which the Court could infer that Officer Iduwo had advanced knowledge of a risk posed by the inmate assailants, that the that control room door would not open without assistance from another officer, or that he knew of some other risk to Brown and acted unreasonably in response to premise a claim of deliberate indifference to his health or safety. Nor does Brown allege facts from which the Court could infer that any other Defendant is liable. Accordingly, Brown has failed to state a cognizable constitutional claim for failure to protect from harm against Iduwo or any other Defendant and this case will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1). Having determined this case must be dismissed without requiring service on Defendants, the court will deny Brown's pending Motion for Appointment of Counsel. (ECF No. 5.)

### IV. Conclusion

The Amended Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and Brown will be assigned a "strike" under 28 U.S.C. § 1915(g). Plaintiff is forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

A separate Order follows.

Dated this \_\_12\_\_ day of August, 2021.

FOR THE COURT:

*[signature: James K. Bredar]*

James K. Bredar
Chief Judge